**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

AVA GORDON,

       Plaintiff,

v.                                          Case No. 22-11466

STATE OF MICHIGAN,

       Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

Pending before the court is Plaintiff Ava Gordon's *pro se* complaint and application to proceed without prepaying fees or costs. Plaintiff, who is apparently admitted to the Walter P. Reuther Psychiatric Hospital ("Hospital") in Westland, Michigan, brings the instant lawsuit against the State of Michigan.

A court may authorize a party to commence, prosecute, or defend an action or proceeding "without prepayment of fees" where the person submits an affidavit stating that they are unable to pay the fees associated with the case. 28 U.S.C. § 1915(a)(1). Whether to grant or deny an application to proceed *in forma pauperis* is within the discretion of the district court. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004). Plaintiff has submitted an affidavit demonstrating her income and financial obligations. (ECF No. 2.) For the reasons below, the court will grant Plaintiff's application to proceed *in forma pauperis* but will dismiss the case.

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866

(6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Plaintiff's complaint must be dismissed for two reasons. First, the complaint fails to state a claim. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim upon which relief may be granted, a plaintiff must present sufficient factual allegations which, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007*); Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff, who is apparently an admitted patient at the Hospital, complains that the Hospital is trying to "force" her to "file for Disability." (ECF No. 1, PageID.1.) She otherwise complains that the Hospital has "threatened" to appoint a guardian for her, which has allegedly denied her "a chance to go to trial to defend [herself]." (*Id.*) Plaintiff does not elaborate on what "trial" she is referring to, but she expresses disagreement with some unspecified determinations that she is not competent "to stand trial" made by the Hospital and the Center for Forensic Psychiatry in Saline, Michigan. (*Id.*, PageID.1-2.) Although *pro se* petitioners are granted leniency in their complaints, such leniency is

"not boundless"; basic pleading standards still apply. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Construing her complaint liberally, Plaintiff's complaint lacks factual development, and the court fails to discern any viable claims.[1] The court must dismiss the action.

Second, even if Plaintiff had stated a claim, the action is ostensibly barred by the Eleventh Amendment. Sovereign immunity prevents a federal court from ordering a state to pay compensatory damages for past injuries, as Plaintiff does here. *See Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017). The sovereign immunity doctrine is "firmly enshrined in our constitutional framework and shields the States from private lawsuits absent their consent or permissible abrogation by Congress." *Crabbs v. Scott*, 786 F.3d 426, 428-29 (6th Cir. 2015) (quoting *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 752-53 (2002)); *Carten v. Kent State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002) ("The Eleventh Amendment on its face applies equally to suits in law and equity."). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Guertin v. State*, 912 F.3d 907, 936 (6th Cir. 2019) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). Here, Plaintiff unequivocally demands $7,000,000 from the only named Defendant—the State of Michigan—in federal court. (ECF No. 1, PageID.2.) There is no indication that any exceptions apply in this case. *See Skatemore, Inc. v.*

---

[1] Plaintiff previously filed a complaint in the Eastern District of Michigan in October 2018 akin to the instant one, and her claims were similarly dismissed during the screening process applicable to litigants proceeding *in forma pauperis*. *See Gordon v. Ctr. for Forensic Psychiatry*, No. 18-13345, 2018 U.S. Dist. LEXIS 191751, at *2 (E.D. Mich. Nov. 9, 2018) (Borman, J.).

*Whitmer*, --- F.4th ----, 2022 WL 2813531, at *4-6 (6th Cir. 2022). Plaintiff's complaint therefore must be dismissed.

In summary, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff provides the court with insufficient facts to, on any viable legal theory, "nudge [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The action is otherwise barred by sovereign immunity. Accordingly,

IT IS ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 26, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 26, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\MAZ\Civil\22-11466.GORDON.DismissingIFPComplaint.MAZ.docx